No. 929

STATE ex v. MEYER et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1409.    Decided Oct. 9, 1925

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

On motion to vacate judgment and motion for a new trial.

327. COURTS—Powers of, over orders and judgments, to be exercised with sound discretion.

PER CURIAM.

This is an action in quo warranto which was heard by this court and decided and in which the decree was entered several months ago. The motion for a new trial was overruled, but that entry has not been made. The prosecuting attorney asks to set aside that entry of decree and reenter the same as of this date, so as to permit the defeated party to prosecute error proceedings to the Supreme Court. The prevailing party objects to the granting of said motion.

The reason why we are asked to do this is because the losing party thought that the time for filing a petition in error began to run from the overruling of a motion for new trial, instead of from the entry of the decree.

Although this application is made within the term at which the decree was entered, one member of this court doubts our authority to set aside our decree after the limitation time for prosecuting error has expired, for the sole and only purpose of enabling the losing party to prosecute error, which he cannot do as the record now stands, there being no reason why error was not prosecuted in time except a mis-

## STATE COURT OF APPEALS—Continued

take as to the law, and there being objection to our doing so.

However, our inherent power over our orders and judgments during the term at which they are rendered, must be exercised with a sound discretion (Bank v. Smith, 102 OS. 120), and we are all agreed that is would not be a wise and sound exercise of discretion on our part to grant this motion and establish a precedent that under the circumstances here presented a losing party may be relieved from the consequences of his own mistake, for which the prevailing party is in no wise responsible.

The motion to set aside is overruled, and likewise the motion for new trial is overruled. Like entries may be made in Case No. 1410, State of Ohio ex rel Roy R. Stuart, etc., v. Toledo Memorial Park and Cemetery Association.

Note—The case, in detail, will be found in 3 Abs. 575.

Attorneys—Roy R. Stuart, prosecuting attorney and H. S. Commager, asst. pros. atty., for State ex; Edward H. Ray for Meyer; all of Toledo.